**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

KENNETH MURCHISON,

    Plaintiff,

v.

WARDEN, BRIAN BLEDSOE, et al.,

    Defendants.

CIVIL ACTION NO. 3:11-cv-1944

(JUDGE CAPUTO)

(MAGISTRATE JUDGE BLEWITT)

**MEMORANDUM**

Presently before the Court is the Report and Recommendation of Magistrate Judge Thomas M. Blewitt. While I find no clear error in the overall Report and Recommendation, Plaintiff Kenneth Murchison objects to the recommendation that his dismissed claims be done so with prejudice. For the reasons below, the Court will allow Murchison leave to submit a second amended complaint.

**BACKGROUND**

Plaintiff Kenneth Murchison, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed his initial *pro se* Complaint on October 19, 2011. (Doc. 1.) That Complaint was a *Bivens*[1] action asserting an Eighth Amendment denial of medical care claim, an Eighth Amendment conditions of confinement claim, a First Amendment denial of access to courts claim, a Fifth Amendment due process claim, a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. §794, *et seq.*, and a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*

---

[1] "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (citation omitted). *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

In particular, Murchison's Eighth Amendment denial of medical care claim, his claim under Section 504 of the Rehabilitation Act, and his ADA claim were predicated on the lack of an "Emergency Alert, Medical Call Button" within his housing unit. Murchison's Eighth Amendment conditions of confinement claim related to allegations that his unit was without proper climate control and was subject to extreme temperatures. And, his First Amendment denial of access to courts claim and his Fifth Amendment due process claim stemmed from the improper processing of his grievances on the Eighth Amendment claims above. That original Complaint was brought solely against Defendants Bledsoe and Norwood. However, in a Motion for Preliminary Injunction (Doc. 4), Murchison alleged–among other claims–that the medical staff at USP-Lewisburg, specifically Dr. Pigos and Physician Assistant ("PA") Potter, intentionally and maliciously lowered his dosage of pain medication in retaliation for conflict he had with a medical staff member at the prison.

In his November 21, 2011 Report and Recommendation, Magistrate Judge Blewitt recommended–in pertinent part–that supervisory officials Bledsoe and Norwood be dismissed due to a lack of personal involvement in any of the aforementioned harms. Magistrate Judge Blewitt further recommended that it would not be futile to allow amendment on Murchison's Eighth Amendment conditions of confinement claim and his First Amendment denial of access to courts claim, but–without elaboration–determined that it would be futile to allow amendment on the other claims.[2] Moreover, Magistrate Judge

---

[2]Murchison was, however, properly precluded from amending his Fourteenth Amendment claim as that provision is only applicable to state actors and therefore does not apply to the federal actors in the instant case. *Cadmus v. United States*, 4:08-CV-1273, 2009 WL 1532059, at *5 (M.D. Pa. June 1, 2009) aff'd, 356 F. App'x 559 (3d Cir. 2009). Also, to the extent Murchison's Complaint appears to also include a reference to the Ninth Amendment, this too "must fail because there are no constitutional rights secured by that amendment." *Nicolette v. Caruso*, 315 F. Supp. 2d 710, 718 (W.D. Pa. 2003) (citation omitted).

Blewitt allowed for amendment of the ADA claim against the two Defendants in their official capacities, he recommended dismissal of the Rehabilitation Act claim with prejudice as individuals cannot be held liable under the Act. Finally, Magistrate Judge Blewitt recommended denial with prejudice of Murchison's request for transfer in his injunction Motion as he determined Murchison had no right to be confined in any particular prison facility. On January 17, 2012, the Court adopted this Report and Recommendation. (Doc. 17.)

On January 24, 2012, Murchison filed his Amended Complaint which was expanded to include four claims against the following seven Defendants: (1) Brian A. Bledsoe, the warden at USP-Lewisburg; (2) J. L. Norwood, the Bureau of Prisons ("BOP") Northeast Regional Director; (3) Unknown BOP Administrative Remedy Coordinators; (4) Henry J. Sadowski, the BOP Tort Claim Coordinator; (5) Physician Assistant ("PA") Potter; (6) Dr. Pigos, MD; and (7) the USP-Lewisburg Correctional Emergency Response Team ("CERT") Members. (Am. Compl., Doc. 19.) In the Amended Complaint, Murchison incorporated from his earlier preliminary injunction motion his Eighth Amendment and ADA claims against Dr. Pigos and PA Potter for maliciously lowering his pain medication in retaliation for a prior conflict. Murchison also added an additional allegation against Defendant Warden Bledsoe and Unnamed Administrative Remedy Coordinators for "forced cell mating" which allegedly created dangerous inmate situations. Further, Murchison avers that BOP supervisory officials Norwood and Sadowski fraudulently handled his appeals of his administrative remedies and his tort claim, and that they denied him his due process rights by denying his appeals and tort claim in an attempt at retaliation. Finally, Murchison asserts an Eighth Amendment conditions of confinement claim against unspecified Defendants for a prison

environment including "light torture" as well as "excessive noise, obnoxious fear mongering, and violent set-ups, beating, banging and yelling" which has had a "negative, profound effect, on the Plaintiff's failing physical, psychological and mental health." (*Id.* at ¶ 4.)

Magistrate Judge Blewitt filed the instant Report and Recommendation on February 6, 2012, recommending that all of the charges above be dismissed with prejudice except for Plaintiff's Eighth Amendment claim for denial of proper medical care against Defendants PA Potter and Dr. Pigos. Plaintiff does not object to the overall conclusions contained within the Report and Recommendation, but instead takes issue with the Magistrate Judge's recommendation that his insufficient claims be dismissed with prejudice. Murchison's objections will be evaluated below.

## **DISCUSSION**

**I. Legal Standard**

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested

portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the Report and Recommendation to which the Petitioner objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

## II.     Analysis

Murchison's objection to the instant Report and Recommendation is that, as a *pro se* plaintiff, he should be afforded additional latitude to amend his allegations. In particular, Murchison objects to Magistrate Judge Blewitt's recommendation that certain Defendants and issues should be dismissed with prejudice. Therefore, I will review de novo the Report and Recommendation insofar as it suggests dismissal with prejudice, but will adopt the remainder of the Report and Recommendation after having found no clear error. Of course, "[i]n the absence of substantial or undue prejudice to the nonmoving party–which 'is the touchstone for the denial of an amendment'–'denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment.'" *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993)). Whether justice requires that Murchison be allowed leave to amend his four claims will be analyzed below.

### A.     Eighth Amendment and ADA claims against Dr. Pigos and PA Potter

Magistrate Judge Blewitt recommended that Murchison's Eighth Amendment claim

5

for denial of proper medical care against Defendants PA Potter and Dr. Pigos should be allowed to proceed. This determination is not at issue in Murchison's objection.

As to the ADA claim against Defendants Pigos and Potter, while Magistrate Judge Blewitt failed to analyze this claim specifically, it is clear that the Amended Complaint cannot support such a cause of action. Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998) (holding that "the plain text of Title II of the ADA unambiguously extends to state prison inmates."). As Murchison's claim against Defendants Pigos and Potter is that they denied him necessary medication as a means of retaliation, this precludes his claim under the ADA that they denied him this medication because of a disability. Thus, it is not improper to find that amendment would be futile and to dismiss the ADA claim with prejudice.

> **B.     Claim against Defendant Warden Bledsoe and Unnamed Administrative Remedy Coordinators for "forced cell mating"**

The issue of forced cell mating is a wholly new claim added to the Amended Complaint. Magistrate Judge Blewitt recommended that this claim be dismissed against Warden Bledsoe for a failure to allege actual involvement. Further, Magistrate Judge Blewitt determined that this claim must also fail as against any other prison officials as there are no allegations that Murchison suffered any actual harm as a result of the procedures used. While the Court will affirm these determinations, it would be improper to summarily deny Murchison the opportunity to amend on this new claim. Contrary to Magistrate Judge

6

Blewitt's assertion, Plaintiff has been afforded no prior opportunity to amend this claim and it cannot be said that it would be futile to do so.  Therefore, leave to amend on this claim will be granted.

### C. Constitutional claims against Norwood and Sadowski for improper handling of Murchison's appeals of his administrative remedies

In his Report and Recommendation, Magistrate Judge Blewitt noted the inapplicability of supervisory liability and determined that Murchison's Amended Complaint lacks sufficient allegations of personal involvement as against Defendants Sadowski and Norwood.

As to Murchison's First Amendment claim, Magistrate Judge Blewitt recommended in his earlier Report and Recommendation that this claim against Norwood be dismissed without prejudice.  While Magistrate Judge Blewitt did not expressly address the First Amendment claim in the instant Report and Recommendation, he recommended that all of the constitutional claims against these two Defendants be dismissed with prejudice for failure to allege personal involvement.  I will decline to adopt the recommendation to dismiss with prejudice as I believe it would be in the interest of justice to allow Murchison a further opportunity to amend this First Amendment claim. Murchison is proceeding as a *pro se* party and is understandably unfamiliar with the pleading rules in federal court.  Moreover, as Murchison points out, I find no particular prejudice to the Defendants in allowing further amendment as they have not even been served in this matter.  It remains to be seen whether Murchison can assert sufficient pleadings on this claim, and I will allow Murchison one further opportunity to do so.

As to the Fifth Amendment claim, Magistrate Judge Blewitt noted that the Court had previously dismissed with prejudice Plaintiff's due process claims under the Fifth

7

Amendment. As the Fifth Amendment claim against Norwood was dismissed with prejudice, it was improper for Murchison to have again included it in the Amended Complaint. Further, although Murchison has extended this claim to include Defendant Sadowski, the allegations contained within the Amended Complaint are again insufficient to support such a claim. In light of this, and the earlier dismissal with prejudice, I will adopt Magistrate Judge Blewitt's determination that this claim be dismissed with prejudice.

### D.     Eighth Amendment Conditions of Confinement Claim

Magistrate Judge Blewitt appropriately determined that Murchison did not state the personal involvement of any Defendant with respect to his Eighth Amendment conditions of confinement claim. And, to the extent this claim was based on the lack of an Emergency Medical Alert Button within his cell, that there are no allegations of actual injury. In his original Complaint, Murchison's Eighth Amendment conditions of confinement claim was aimed at the same harms and was similarly dismissed for a failure to cite any personal involvement on the part of any named party.

I do not necessarily find it would be futile to allow Murchison one further opportunity to amend on this Eighth Amendment conditions of confinement claim. Murchison's Amended Complaint alleges specific harms and it is conceivable that he could submit a further amended complaint connecting these allegations with specific conduct by specific defendants, which is what he will ultimately need to do in order for this claim to survive. Thus, for the reasons cited in the section above, I find that it would be in the interests of justice to allow Murchison one further opportunity to amend on this claim.

**CONCLUSION**

The Court adopts Magistrate Judge Blewitt's Report and Recommendation insofar as it recommends dismissing all of Murchison's claims except for his Eighth Amendment claim for denial of proper medical care against Defendants PA Potter and Dr. Pigos.

However, contrary to the findings of the Report and Recommendation, Murchison will be allowed leave to amend to re-plead his Eighth Amendment conditions of confinement claim, his claims against Defendant Warden Bledsoe and Unnamed Administrative Remedy Coordinators for "forced cell mating," and his First Amendment denial of access to courts claim. I believe that the interests of justice compel that Murchison be allowed a further opportunity to make out his case, although he is warned that these claims will be dismissed with prejudice if he cannot attribute specific acts of inappropriate conduct to specific parties as to suggest the existence of liability.

I will also adopt Magistrate Judge Blewitt's Report and Recommendation to the extent that it recommends denying Murchison's Motion to Supplement the Record (Doc. 21). This Motion seeks to admit proof of exhaustion on a Federal Tort Claims Act ("FTCA") claim but Murchison's Complaint does not plead a claim under the FTCA and this Motion is therefore irrelevant.[3] However, as Federal Rule of Civil Procedure Rule 15 directs that a "court should

---

[3] In particular, a claim under the FTCA requires that:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). In particular, Murchison is seeking to include correspondence from the U.S. Department of Justice declining not to offer a settlement on his claims.

freely give leave when justice so requires," Murchison will be further allowed to amend his complaint as to include a claim under the FTCA.

Therefore, to be perfectly clear, Murchison will be allowed leave to submit a second amended complaint with the following five (5) claims: (1) an Eighth Amendment claim for denial of proper medical care against Defendants PA Potter and Dr. Pigos; (2) an Eighth Amendment conditions of confinement claim; (3) a claim against Defendant Warden Bledsoe and Unnamed Administrative Remedy Coordinators for "forced cell mating;" (4) a First Amendment denial of access to courts claim; and (5) a claim under the FTCA.

Finally, the Court adopts Magistrate Judge Blewitt's recommendation that Murchison's Motion for Enforcement of Recommitment Order (Doc. 20) be deemed moot.

An appropriate order follows.

| | |
|---|---|
| June 11, 2012 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |