PJS:GMT:kas

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MURCHISON, | : | No. 3:CV-11-1944 |
| Plaintiff | : | |
| | : | (JUDGE CAPUTO) |
| v. | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| WARDEN B. A. BLEDSOE, et al., | : | |
| Defendants | : | Filed Electronically |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT[1]

### I.   Procedural History

On January 23, 2012, Plaintiff, Kenneth Murchison, filed an amended

complaint alleging a Bivens[2] cause of action. (Doc. 19, Amd. Complaint.)   Plaintiff

alleges being denied proper doses of the medication Gabapentin.   (Id.)   He alleges

the dosage was decreased without notice, examination or consult and the decrease in

dosage resulted in him being in excruciating pain for seven days.   (Id.)   Murchison

is a state inmate confined in the United States Penitentiary (USP), Lewisburg.

(Declaration of Michael S. Romano (Ex. 1.) ¶ 2; Attach. A.)   He is serving a

sentence of 18 years imposed by the state of North Dakota for conspiracy to

---

1 Due to the closure of the United States Attorney's Office on October 29 and 30, 2012, for weather conditions, this brief is being filed two days past the due date.

2 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

distribute a controlled substance and simple assault. (Id.)   He has a projected

release date of December 17, 2017, via good conduct time release.   (Id.)

Defendants filed a Motion to Dismiss, or in the alternative, Motion for

Summary Judgment on October 15, 2012.   (Doc. 43.)   This brief is filed in support

of that motion, in accordance with Local Rule 7.5.

## II. Factual Background

Contemporaneous with this brief, Defendants filed a statement of material

facts with citations to the record and refer the Court to that document.   (Statement

of Material Facts (SMF) ¶¶ 1- 49.) The record reveals that Murchison has failed to

exhaust his available administrative remedies and failed to show deliberate

indifference to his serious medical needs.   (Id.)

## III. Question Presented

Should Defendants' Motion be granted as:

A. Murchison has failed to exhaust his available administrative remedies;

B. Murchison has filed to show deliberate indifference to his serious medical
   needs?

Suggested Answer in the affirmative.

## IV. Legal Standard

**Dismissal**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim

contained in a complaint.   See Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d

176, 183 (3d Cir. 1993).   A complaint must consist of, "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).   Under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor.   See Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).

To avoid dismissal for failure to state a claim, a plaintiff must plead factual allegations that support a facially "plausible" claim to relief.   See Twombly, 550 U.S. at 570; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).   In Iqbal, the Court reaffirmed that a complaint will not survive a dismissal motion where it contains "[t]hreadbare recitals of the elements of a cause of action, supported by conclusory statements," and that "unadorned, the-defendant-unlawfully harmed me" allegations are insufficient.   Iqbal, 129 S. Ct. at 1949.

**Summary Judgment**

The award of summary judgment to a party is appropriate when supporting materials, such as affidavits and other documentation, show there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law.   Fed.R.Civ.P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986).   In Celotex, the Court held that "Rule 56(e) ... requires that the non-moving party go

beyond the pleadings by [his] own affidavits, or by 'depositions, answers to interrogatories and admissions on file,' [and] designate 'specific facts showing that there is a genuine issue for trial.'"   Id. at 324.   Additionally, an opposing party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in its pleadings.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex, 477 U.S. at 325.   For the purpose of summary judgment, then, the Court should consider only those material facts about which there is no genuine dispute.

## V.   Argument

**A.   The Court should grant Defendants' motion as Murchison has failed to exhaust his available administrative remedies.**

The Court should grant the summary judgment motion because Plaintiff failed to exhaust his available administrative remedies prior to filing this civil action.   42 U.S.C. § 1997e(a), Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001); (Declaration of Michael S. Romano (Ex. 1.) ¶ 5; Attach. B.)   It is well-settled that exhaustion "is mandatory" and not "left to the discretion of the district court."   Woodford v. Ngo, 548 U.S. 81, 85 (2006)(citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison
> conditions under section 1983 of this title ... by a prisoner
> confined in any jail, prisons, or other correctional facility

until such administrative remedies as are available are
exhausted.

Id.

The Bureau of Prisons has established a three-tiered system whereby a federal

prisoner may seek formal review of any aspect of his imprisonment.   28 C.F.R. §

542.10, *et seq.*   The requirements that an inmate exhaust his/her available remedies

applies to all inmate suits regarding prison life, including those involving general

circumstances as well as particular episodes.   Porter v. Nussle, 534 U.S. 516

(2002).   See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002)(for history

of exhaustion requirement).   Administrative exhaustion must be completed prior to

the filing of an action.   McCarthy v. Madigan, 503 U.S. 140, 155 (1992).

The exhaustion requirement is not a technicality, rather, it is federal law

which federal district courts are required to follow.   Nyhuis v. Reno, 204 F.3d 65,

73(3d Cir. 2000) (Congress has "clearly required exhaustion").   There is no

"futility" exception to the administrative exhaustion requirement.   Ahmed v.

Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 78).

The United States Supreme Court held that only proper exhaustion satisfied

the exhaustion requirement of the PLRA.   Woodford, 548 U.S. 81.   Under the

proper exhaustion rule, "compliance with an agency's deadlines and other critical

procedural rules" is necessary.   Id. at 90.   Similarly, the Third Circuit has held that

a prisoner's failure to comply with the procedural and substantive requirements of

the prison's grievance policy, results in procedural default, thereby precluding an action in federal court.   See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

Murchison has filed 47 administrative remedies at the Central Office/General Counsel's office.   (Romano Decl. (Ex. 1.) ¶ 5; Attach. B.)   None of these administrative remedies pertain to issues raised in the Complaint.   (Id.) Exhaustion is not considered complete until the inmate's final appeal has been denied by the BOP General Counsel.   (Id. ¶ 4.)

Therefore, because Plaintiff failed to exhaust his available administrative remedies regarding any issue in the Complaint, summary judgment should be granted in favor of defendants.

**B.     The Court should grant Defendants' motion as Murchison has failed to show deliberate indifference concerning his serious medical needs.**

In order to establish an Eighth Amendment claim based upon allegations of denial of proper medical care, an inmate must demonstrate a deliberate indifference to a serious medical need.   Estelle v. Gamble, 429 U.S. 97 (1976).   The standard requires both deliberate indifference on the part of prison officials and a serious medical need on the part of the prisoner.   See West v. Keye, 571 F.2d 158 (3d Cir. 1978).

A deliberate action is one which is intentional, requiring the actor to have knowledge of the events attributed to the injury and the ability to control the outcome.   "To establish a constitutional violation, the indifference must be

intentional and the action related thereto deliberate." Hampton v. Holmesburg

Prison Officials, 546 F.2d 1077, 1081 (3rd Cir. 1976).   A mere difference of opinion

between the prison's medical staff and the inmate as to the diagnosis or treatment

which the inmate receives, does not support an Eighth Amendment claim.   Farmer

v. Carlson, 685 F. Supp. 1335, 1339 (M.D.Pa 1988).   See McCracken v. Jones, 562

F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

A medical need is "serious" where it has been diagnosed by a physician as

mandating treatment, or if it is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention.   See Gaudreault v. Municipality of

Salem, Mass., 923 F.2d 203 (1st Cir. 1990), cert. denied, 500 U.S. 956 (U.S. Mass.

June 3, 1991) (No. 90-7632) (citing Monmouth County Correctional Institutional

Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987).

Plaintiff has been treated for his diabetes and seen by medical staff on a

regular basis.   (SMF ¶¶ 1-49.)   These medical visits concerning his diabetes

included testing, treatment, counseling and changes to his medication.   (Id.) The

undisputed evidence shows that he was never denied treatment, and/or medication to

control his pain. Rather, different dosages of the pain medication were trialed to

determine what worked best for him. (SMF ¶¶ 8,9,17, 17, 20, 22, 25, 27, 34, 38,

42-47).   As set forth above, a mere difference of opinion between the prison's

medical staff and the inmate as to the diagnosis or treatment which the inmate

receives, does not support an Eighth Amendment claim.   Farmer v. Carlson, 685 F.

Supp. 1335, 1339 (M.D.Pa 1988).   See McCracken v. Jones, 562 F.2d 22, 24 (10th

Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).    Plaintiff has failed

to demonstrate deliberate indifference to medical treatment, therefore the claims

should be dismissed.

## VI. Conclusion

For the reasons stated above, this Court should grant Defendant's Motion to

Dismiss, or in the alternative, Motion for Summary Judgment, with a certification

that any appeal would be frivolous, lacking in probable cause, and not taken in good

faith.

<div style="margin-left:50%">

PETER J. SMITH
United States Attorney

s/ G. Thiel
G. THIEL
Assistant U.S. Attorney
PA 72926
Kimberly A. Stevens
Paralegal Specialist
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717)221-4482
Facsimile: (717)221-2246

</div>

Date: October 31, 2012

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MURCHISON, | : | No. 3:CV-11-1944 |
| Plaintiff | : | |
| | : | (JUDGE CAPUTO) |
| v. | : | |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| WARDEN B. A. BLEDSOE, et al., | : | |
| Defendants | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.   That on October 31, 2012, she served a copy of the attached

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:
Kenneth Murchison
06500-059
USP-Lewisburg
PO Box 1000
Lewisburg, PA   17837

/s Kimberly A. Stevens
Kimberly A. Stevens
Paralegal Specialist